[Civ. No. 4528.   First Appellate District, Division One.—June 16, 1923.]

## SANTA CLARA VALLEY LAND COMPANY (a Corporation), Appellant, v. ARTHUR MEEHAN, Respondent.

[1] PUBLIC UTILITIES—WATER DISTRIBUTING SYSTEM—ACQUISITION BY MUNICIPALITY.—Under the Public Utilities Act of 1913, a municipality may acquire an existing, privately owned water distributing system and assess the cost thereof against the real property within the assessment district established.

[2] ID. — ASSESSMENT OF COST AGAINST REAL PROPERTY — CONSTITUTIONAL LAW.—The Public Utilities Act of 1913 is not void upon constitutional grounds governing taxation because of the provision therein purporting to limit the cost of the improvement acquired to the real estate within the district to the exclusion of personal property.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

---

1. "Local improvement" for which special assessment may be levied, notes, 20 Ann. Cas. 339; Ann. Cas. 1914B, 542.

2. Special benefits as the justification and foundation of local assessments for public improvements, notes, 28 L. R. A. (N. S.) 1168; L. R. A. 1918E, 190.

Special assessment as a tax, note, 3 L. R. A. (N. S.) 837.

The facts are stated in the opinion of the court.

Harry J. McKannay for Appellant.

H. A. Mason, City Attorney, and H. A. Postlethwaite for Respondent.

John F. Davis, *Amicus Curiae.*

TYLER, P. J.—Action to restrain and enjoin defendant as an officer of the city of San Bruno from selling certain property of the plaintiff, under an assessment levied for the purpose of acquiring a municipal water system.

A demurrer to the complaint was sustained without leave to amend, and it was adjudged that plaintiff take nothing by its complaint and that defendant recover his costs. This is an appeal from the judgment.

The complaint recites that the city of San Bruno is a municipal corporation of the sixth class, organized and existing under the Municipal Government Act (Stats. 1883, p. 93, as amended), and that defendant Meehan is its city marshal and *ex-officio* tax collector; that plaintiff is the owner of a number of parcels of land situate therein and is a taxpayer of said city; that prior to the twenty-sixth day of May, 1920, the San Bruno water system, a privately owned corporation, supplied the municipality and its inhabitants with water; that on the last-mentioned day the board of trustees of the city passed its resolution of intention to acquire the water system, and thereafter the city engineer made and presented to the trustees his report pursuant to the resolution, which report contained all the necessary data upon the subject; that proceedings were thereupon had under which an assessment district was established in conformity with the report, the area including every lot of land situated in the city, as shown upon the records, and such lots were assessed for the acquisition of the water supply; that subsequently defendant caused to be published a notice of sale of the property within the district upon which the assessment had become delinquent, and thereafter he sold the same for the amount due under the assessment. It is then charged that defendant will, unless enjoined, execute and deliver to the purchasers deeds

to the property so sold in conformity with his certificates of sale.

There is no dispute concerning the · regularity of the proceedings leading up to the purchase, but in seeking relief from the effect of the assessment appellant assails the validity of the improvement, contending that as his property already enjoys the advantage of the existing privately owned water distributing system no benefit whatever is derived by it under the sale of such system to the municipality, and that its acquisition, therefore, does not constitute an improvement justifying an assessment. It is further contended that in so far as the Public Utilities Act of 1913 (Stats. 1913, p. 421) purports to authorize the purchase of existing waterworks and to assess the costs thereof against real property to the exclusion of personal property, it is unconstitutional and void.

[1] It is conceded that the trustees would, under the act, have the authority they have here exercised if the levy was for the original construction of such a system. The precise question here involved was presented and passed upon in the case of *Kane* v. *Wedell,* 54 Cal. App. 516 [202 Pac. 340]. It is there held that the original construction of reservoirs and necessary appliances requisite to the creation of a municipal water system is such a public improvement as to come within the terms of the act in question. It is further held that there is no real distinction between the original construction of such a system by a municipality and its acquisition after its construction by private parties in so far as the nature of the work as a public improvement is concerned, since the same effect is accomplished in either case, namely, that of providing the municipality with a publicly owned improvement which it did not possess before. It is there pointed out that the title of the act indicates that no such disinction as is here contended for was ever intended, since it purports to be "An Act to provide for the *acquisition,* installation, construction, reconstruction, etc., of waterworks." That decision is based upon the same proceedings here assailed, and the precise objections here presented were there raised and passed upon.

[2] The question of the infringement of constitutional guarantees, while involved in *Kane* v. *Wedell,* is not dis-

cussed in the opinion. Appellant claims that in so far as the Public Utilities Act purports to limit the cost of the improvement to real estate to the exclusion of personal property it is void upon several constitutional grounds governing taxation.

In this connection it is urged that the assessment constitutes a taking of private property without just compensation, or without due process of law, and further, that it lacks uniformity in not being levied against every character of property alike.

The claim is without merit. Local improvements are, as a general rule, levied upon land alone for the reason that it is the kind of property which is usually benefited thereby. Assessments to defray the costs thereof are not ordinarily taxes levied for the purpose of sustaining the government, but are rather charges impressed upon individual property because of the fact that the property upon which the burden is imposed receives a special benefit which is different from the general one which the owner enjoys in common with other citizens as such. A special assessment is not in the constitutional sense a tax at all. (*Spring St. Co.* v. *City of Los Angeles*, 170 Cal. 24 [L. R. A. 1918E, 197, 148 Pac. 217].) The provisions invoked contain no restriction upon the power of the legislature to permit and authorize the imposition of special assessments to defray the cost of a public improvement, unless by the manner of its assessment it takes property without due process of law or without compensation. Here there was no irregularity in the proceedings leading up to the acquisition of the improvement in question, so far as the pleadings show, and full opportunity was given for persons interested to object. This constitutes due process. If the exaction imposed upon an owner for the cost of an improvement is in substantial excess of the benefits accruing to him, undoubtedly, to the extent of such excess, it is a taking, under the guise of taxation, of property without compensation. Here, however, no claim is made that there is a disproportion of benefits, but only that by reason of the existence of the privately owned system no possible benefit could accrue to plaintiff's lands under the improvement, as such benefits already existed.

It being admitted that the city might acquire a water system if none existed, and that appellant's lands could be impressed with a proper assessment to defray the cost thereof, an extended discussion of the subject becomes unnecessary. The benefit which plaintiff's lands secured through the acquisition by the city of the waterworks, with the more certain probability of the continued existence of the same, considering the opportunity of the municipality to operate such works at actual cost, as against the less certain probability of their being continued under private ownership, is such a benefit as justifies the assessment. Moreover, the ownership and operation of this public utility by the municipality would have a tendency to make the lots more desirable as a place of residence, or more valuable in the general market, as a municipality is authorized to expend public funds for the purpose of extending and improving the same, a thing an individual or a private corporation operating in a small community might not feel justified in or be capable of doing.

No other questions are presented.

For the reasons given, we are of the opinion that the judgment should be and it is hereby affirmed.

St. Sure, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 16, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1923.